Consolidated Coal Company of St. Louis v. Yung.

THE CONSOLIDATED COAL COMPANY OF ST. LOUIS

v.

ANDREW YUNG, ADMINISTRATOR.

*Coal Mines—Sec. 16, Chap. 93, R. S.—Action for Damages for Causing Death of Miner—Parties—Declaration—Negligence at Common Law—Instructions—Arrest of Judgment.*

1. In an action by an administrator against a coal mining company to recover damages for causing the death of the plaintiff's intestate, the only omission of duty charged by the declaration being a failure to furnish proofs and prop the clod, dirt, slate and other materials so that it would not fall, it is *held:* That the declaration does not show a violation of Sec. 16, Chap. 93, R. S., under which the owner is only required to furnish and send down such props; that the negligence charged does not constitute a cause of action at common law; that an instruction given for plaintiff, which directed the attention of the jury to other and different elements of liability than those alleged in the declaration, was erroneous; and that the motion in arrest of judgment should have been granted.

2. An instruction which directs attention to elements of liability not specified in the declaration, is fatally defective.

[Opinion filed October 5, 1887.]

APPEAL from the Circuit Court of St. Clair County; the Hon. WILLIAM H. SNYDER, Judge, presiding.

Mr. CHARLES W. THOMAS, for appellant.

Mr. EDWARD L. THOMAS, for appellee.

WILKIN, J.    Action on the case, in which it is averred by the declaration that appellant was, on November 27, 1886, operating a coal mine and by its servants mining and hoisting coal therefrom; that while deceased was loading coal in boxes in said mine, without any fault or negligence on his part, a great quantity of clod, dirt, slate and other material fell on him from the roof of the mine, and killed him.    "That it was the duty of defendant to furnish props and prop said clod, dirt, slate and other material so that the same would not fall;" that defendant not regarding its duty, as aforesaid, carelessly and negligently, with full knowledge of the dangerous condition of said clod, dirt, etc., and knowing the same was liable to fall and inflict great injury upon said Larcher, or to kill him, neglected and failed to put under said clod, etc., proper supports or props, and by reason of said failure after notice of the dangerous conditions thereof, the said clod, etc, so fell, as aforesaid, and crushed and killed Larcher, as aforesaid, without fault or negligence on his part.

The declaration then avers that the deceased left a widow and minor children, and the grant of letters of administration, laying damages at $5,000.

A plea of the general issue was filed and, on trial by jury, judgment rendered for plaintiff below for $3,000, and the defendant appealed to this court.

Appellant treats the case as shown by the declaration, as an attempt to recover for the omission of a statutory duty imposed by the 16th section of the act to protect miners, Chap. 93, R. S., and insists that the declaration does not show any violation thereof, that section only requiring " the owner, agent or operator of coal mines to keep a sufficient supply of timber, when required, to be used as props    *   *   *    and to

send down such props when required;" when, as it is here
averred, it was not only the duty of defendant to furnish
the props but also to put them in, and prop the roof of the
mine so as to make it safe for the workmen.

It is also urged that as a proceeding under the statute the
action was improperly brought by the administrator instead
of the widow.    Both these grounds of reversal presented here
were raised below by motion in arrest of judgment.    Treat-
ing the action as being brought under the statute, there can
be no doubt as to the correctness of both propositions; the
first being manifested from the mere reading of the statute
and declaration, and the second sustained by Litchfield Coal
Co. v. Taylor, 81 Ill. 500, cited by appellant.

Appellee, however, insists in reply, that the action is at
common law, the negligence charged being common law negli-
gence and not statutory; that a good cause of action being
alleged at common law, the suit is maintainable by the personal
representatives of the deceased under Chap. 70, R. S.

The fallacy of the argument in support of this reply lies in
the assumption that the declaration shows common law negli-
gence.    The only omission of duty charged by the declaration
is the failure to furnish props and prop the clod, dirt, slate
and other material so that the same would not fall.    The
learned counsel cites no authority to show that any such
common law duty is imposed upon the owner or operator of
a coal mine.    Facts and circumstances may exist in a given
case from which that duty will be imposed, but no such facts
are averred in the plaintiff's declaration.    But one instruction
was given at the instance of appellee.    The first part of it is
a copy of the one discussed in C. & A. R. R. Co. v. May, 108
Ill. 288, 296, and marked " 2."    It then adds, " and if the jury
believe from the evidence that Fritz Sauer was such servant
of the defendant and had the power to hire, discharge, direct
and control the deceased, and others working as the deceased
was, if they believe from the evidence that deceased was
working for defendant, and, while so working, was killed, and
that he was under the direction and control of said Sauer, and,
while so under the direction and control of said Sauer, was

killed without fault on his part, then they must find defend-
ant guilty, if they further believe from the evidence that said
Sauer knew the dangerous nature of the work at which
deceased was put to labor, and, knowing such danger, negli-
gently and carelessly ordered such work to go on, and if they
further believe from the evidence that said deceased came to
his death by reason of negligence and carelessness on the part
of said Sauer in and about the direction and management of
said work."

Whatever may be said of the correctness of this instruction
as announcing abstract rules of law, it contains a complete
departure from the issue in this case. The only negligence
charged in the declaration is a failure to furnish props and
prop said clod, dirt, slate and other material so that the same
would not fall. By the instruction the jury is told that they
must find the defendant guilty (the other facts named therein
being found from the evidence) if they believe that Sauer
knew the dangerous nature of the work at which the deceased
was put to labor, and, knowing such danger, negligently and
carelessly ordered such work to go on, and then, in still more
sweeping terms, if the said deceased came to his death by
reason of negligence and carelessness on the part of said Sauer,
in and about the direction and management of said work,
defendant is to be held liable.

The fault in the instruction is not in declaring that under
the facts stated in the first clause the deceased and Sauer
would not be fellow-servants, within the rule exempting the
common master from liability, but in directing the jury to find
the defendant guilty for acts of negligence on the part of
Sauer for which it could not be legally held liable under this
declaration, if the act had been performed by the defendant
itself.

"When the declaration alleges the personal negligence of
the defendant as the ground of liability it is a fatal objection
to instructions that they direct the attention of the jury to
other and different elements of liability." C., C. & I. C. R. R.
Co. v. Troesch, 68 Ill. 547.

"An instruction which allows a recovery for negligence in

general respects without limitation to the particulars of negligence specified in the declaration, is too broad." C. & A. R. R. Co. v. Mock, 72 Ill. 141; E. & W. G. R. Co. v. People, 98 Ill. 584.

There was manifest error in giving the first instruction and in overruling the motion in arrest of judgment, no good cause of action being alleged in the declaration, and for these reasons the judgment is reversed and the cause remanded.

*Reversed and remanded.*