MUDDY VALLEY MINING & MANUFACTURING COMPANY

v.

HERMAN PHILLIPS.

*Master and Servant—Negligence of Master—Personal Injuries—Explosion of Gas in Mine—Miners' Lamps—Ventilation—Act of 1887—Evidence—Instructions.*

1. It is for the jury to say from the evidence in a given case whether the admitted failure of the defendant to perform his statutory duty was wilful.

2. In an action by an employe to recover for personal injuries suffered through the alleged negligence of his employer, a mining corporation, this court holds that through the wilful neglect of its statutory duty, a dangerous accumulation of gas took place, whereby the plaintiff was injured, and declines to interfere with the verdict in his behalf.

[Opinion filed February 2, 1891.]

APPEAL from the Circuit Court of Jackson County; the Hon. O. A. HARKER, Judge, presiding.

Messrs. GREEN & GILBERT, and YOUNGBLOOD & BARR, for appellant.

Muddy Valley Mining & Mfg. Co. v. Phillips.

Mr. WILLIAM A. SCHWARTZ, for appellee.

GREEN, J.  Appellee was employed in the coal mine
operated by appellant and was burned and seriously injured
by an explosion of gas in its mine.  The gas exploded by
taking fire from the lighted lamps worn in the caps of appel-
lee and another miner, whom he was then assisting to move
a platform used to catch the coal and prevent it from falling
into the mud and water, as it was blasted from the side of the
entry and to provide a more convenient means for handling
and loading the coal.  This platform was made of planks, and
was moved as the work of blasting coal progressed.  Appel-
lee was employed to work by the day, and on the morning
he was injured had been working about fifty or sixty yards
distant from the place of accident, loading rock, and had gone
for oil for his lamp to the oil room, near said place; had filled
his lamp and started back when he was called by the miner
to assist in moving the platform, which he did, and while so
engaged the explosion occurred.  The foreman of appellant,
in charge of the men, had told appellee to assist any of them
when assistance was needed, and he was acting in compliance
with this order when injured.  To recover damages for his
injuries, appellee brought this suit, and judgment for $638
and costs was entered in his favor, to reverse which this
appeal was taken.  The right to maintain this suit is based
upon these provisions of the act in force July 1, 1887:  "The
owner, agent or operator of every coal mine, whether oper-
ated by shaft, slope, or drift, shall provide and maintain for
every such mine a good and sufficient amount of ventilation
for such men and animals as may be employed therein, the
amount of air in circulation to be in no case less than 100
cubic feet for each man and 600 cubic feet for each animal,
per minute, measured at the foot of the down cast,  *  *  *
and said volume of air shall be forced and circulated to the
face of every working place throughout the mine, so that
said mine shall be free from standing powder-smoke and gases
of every kind.  *  *  *  All mines in which men are em-
ployed shall be examined every morning by a duly authorized

agent of the proprietor to determine whether there are any
dangerous accumulations of gas, or lack of ventilation or
obstructions to roadways or any other dangerous conditions,
and no person shall be allowed to enter the mine until such
examiner shall have reported all the conditions safe for
beginning work."

The evidence shows the mine of defendant was operated
by shaft; that on November 15, 1888, defendant leased the
mine from William P. Fllidar and continued to operate it
from that date up to and at the time of appellee's injury on
April 5, 1889. Forty men and three mules were then
employed; rooms had been opened, coal was mined, trans-
ported to the shaft, hoisted to the surface and several car
loads were shipped daily; and Marion C. Wright, the presi-
dent of defendant company, testified said company was *operat-
ing* the mine April 5, 1889; such being the facts, the statute
imposed upon the defendant the duty to provide the given
amount of air per minute, measured at the bottom of the
down cast, and *force and circulate* it to the face of *every
working place* throughout the mine and by this means free
the mine from standing powder, smoke and *gases of every kind.*
It was also defendant's duty, under the statute, to cause its
authorized agent to examine the mine every morning to
determine whether there were any dangerous conditions, or
dangerous accumulations of gas and report all the conditions
safe for beginning work, and until that was done not to allow
appellee or other employes to begin work in the mine. The
performance of the statutory duties thus imposed was required
to effect the purpose of the act: "To provide for the health
and safety of persons employed in coal mines;" and this case
furnishes an example, as we think, of the necessity for such
legislation and the enforcement of the law. Defendant failed
to perform either of the duties required, and the jury were
justified in finding by the evidence that the failure by defend-
ant to comply with said provisions was wilful and caused the
accident and injury to appellee. The defendant knew gas
was usually found near and about a fault, as it is termed. It
was from such a place the gas came, and he knew the fault

was in the entry at the time, and near the place appellee and the man he helped were at work.   Other witnesses testified to the presence of gas in the coal there; moreover an instrument to detect the presence of gas was at the mine, but not used until after the explosion, and was then put in use.   After the explosion air was forced and circulated into said entry by a method that would have been practicable before the explosion and would have probably freed the entry from gas and prevented the accident.   In view of all the facts proven, it can not fairly be contended that the admitted failure by defendant to perform the statutory duties was not wilful.   The jury so found, and it was a question to be determined by them from the evidence.   Hawley v. Daily, 13 Ill. App. 394.

The court gave the jury four instructions on behalf of plaintiff.   The first informed the jury what duties were imposed upon the owner, agent or operator of a coal mine by the statute, which was correctly quoted; but the criticism made by appellant's counsel is that it omits the mention of the clause : " For an injury to person or property occasioned by any wilful violations of this act, or *wilful* failure to comply with its provisions, a right of action shall accrue."   If this instruction had called for a finding against defendant, it would have been defective because of the omission; but as given, stated the law correctly, and was not calculated to mislead the jury.   The remaining three instructions relate to the damages and the facts proper to be considered by the jury in assessing the same, in case defendant was found guilty, and we see no serious objection to either of them.   It is further contended the court erred in refusing to give seven instructions requested on behalf of appellant.   The first of these had already been given in defendant's sixteenth instruction to the jury.   The fourth refused instruction had also been given in defendant's eighth instruction to the jury.   The fifth refused instruction was also given in defendant's fourth instruction to the jury and the seventh refused instruction was given in defendant's fifteenth instruction to the jury.   The third and sixth refused instructions were properly refused.   The principle embodied in the second refused instruction is sufficiently

stated in several of the instructions given for defendant, although not in the same form, and in the seventeen instructions which were given on its behalf to the jury, no legal proposition stated in the form most favorable to defendant and that could have been in any manner applicable, seems to have been omitted. Our conclusion is, that the evidence established the facts that the place of injury was in a mine then being operated by defendant; that appellee was a man then employed in the mine by defendant and was entitled to the protection afforded by the performance of the duties imposed by the statute (Coal Run Co. v. Jones, 19 Ill. App. 371); that defendant wilfully failed to perform its statutory duties and hence there occurred a dangerous accumulation of gas which took fire and caused the accident and injury to plaintiff charged in his declaration. We perceive no error requiring the reversal of the judgment and it is affirmed.

*Judgment affirmed.*