## G. V. Penwell, Warren P. Penwell and L. Schlierbach, Partners under the Name of The Penwell Coal Mining Company, v. Belle Harvey, Adm'x.

1. NEGLIGENT ACTS—*Death Resulting from Want of Ordinary Care* —Where a person chooses an easier rather than a safe method of doing an act, and as a result an injury occurs and the person loses his life, there is such negligence on his part as to preclude a recovery.

Action for Damages.—Death from negligent act. Trial in the Circuit Court of Christian County; the Hon. WILLIAM M. FARMER, Judge, presiding. Verdict and judgment for plaintiff. Appeal by defendant. Heard in this court at the May term, 1898. Reversed with a finding of facts. Opinion filed October 5, 1898.

J. C. McBRIDE, attorney for appellants.

LeForgee & Lee and Hogan & Drennan, attorneys for appellee.

Mr. Justice Harker delivered the opinion of the court.

This is an appeal from a judgment of $1,726, recovered by appellee in a suit against appellants for the loss of her husband, whose death was caused by injuries received by him while laboring in appellants' coal mine.

The evidence in the record shows that the deceased and one William Robson had, prior to the accident, been working together in appellants' mine for about two years, and in the particular room where the injuries were received two or three months. Working together, they had driven the room in from the entry about one hundred and fifty feet. The mining in this mine was done by hand, and it was the custom for the mine owners to furnish roof props and other timbers and for the miners to prop the roof in their respective rooms and care for them.

The room where Harvey and Robson worked was a dangerous place. Some time before the accident there had been one " fall " from the roof and a large quantity of slate and coal precipitated upon the roadway used for hauling cars in and out of the room. At the request of Harvey and Robson the *debris* was removed by appellants and timbermen were sent in with timbers to prop the roof. The timbers were placed under the direction of Harvey and Robson, however. There was a crack in the slate overhead extending across the room, which necessitated careful propping. A day or two before the accident, after Harvey and Robson had fired a shot and cleared away the dislodged coal, there remained hanging from the ceiling a large block of coal, weighing about two tons, connected and fastened to the wall back of it. Both men knew the condition was dangerous and on the morning of the accident were cautioned about it by the superintendent. After the superintendent had left the room Robson tried to knock the body loose with his drill but did not succeed. Harvey then took the drill and began to prod and pry at it. As a result of

his efforts the coal became detached from the top, swung against a prop that had been placed to support the slate roof and knocked it down upon him. In the falling of the prop, slate and coal he received the injuries which caused his death.

We are unable to see from the facts disclosed by the evidence in the record any ground for recovery against appellants. The death of appellee's intestate was not occasioned by any failure on the part of appellants to perform a duty which they owed him as a laborer in their mine. His injuries were caused by his own efforts to dislodge a large block of coal which had become fastened to the ceiling and wall of the mine. There is no contention that appellants had not complied with the law requiring them to furnish timbers to be used as props and cap pieces. It was not their duty under the statute or common law to prop the roof of the room where Harvey was working. Consolidated Coal Co. v. Yung, 24 Ill. App. 255. It was the rule of the mine for the owners to furnish the timbers and for the miners to prop the roofs of their respective rooms and care for them in their own way. It is true appellants permitted timbermen under the direction of Harvey and Robson to prop the roof along the roadway in this room whenever called upon by them. They were old men and doubtless so favored by the superintendent for that reason. Appellants did not assume to prop any other part of the room, however, and at the particular place where the accident occurred Harvey had set the props himself.

The evidence shows that Harvey was not in the exercise of proper care for his own safety. He was an experienced miner. He knew the dangerous condition of the roof and the dangers necessarily attending an attempt to dislodge the body of coal hanging from the ceiling and wall, in the manner adopted by him. The evidence shows that a safer manner of dislodging the block, and one that would have prevented the knocking out of a prop erected to support the roof, would have been to place sprags against it to keep off the prop. That, of course, would have been more trouble-

some to Harvey and Robson.   They chose an easier mode, and as a result, the injury occurred, and Harvey lost his life. There was such negligence on his part in thus placing himself in a perilous position, as to preclude a recovery for his death.   Simmons v. Chicago & Tomah R. R. Co., 110 Ill. 340; Karr Supply Company v. Kroenig, 167 Ill. 560.

For the reasons that there was no negligence on the part of appellants which contributed to the injury, and that the deceased was at the time not in the exercise of proper care for his own safety, the judgment will be reversed, and because we are of the opinion that appellee has no cause of action against appellants, the cause will not be remanded. Judgment reversed.

**Findings of facts** to be incorporated in the judgment : We find that appellants were guilty of no negligence that caused or contributed to the injury that resulted in the death of Albert Harvey; we find that Albert Harvey, appellee's intestate, was at the time he received the injuries in appellant's mine, which caused his death, not in the exercise of ordinary care for his own safety, and that the injuries were occasioned by his own careless and negligent act.