DONK BROS. COAL AND COKE COMPANY

*v.*

EDWARD PETON.

*Opinion filed October 24, 1901.*

1. APPEALS AND ERRORS—*not error to give instruction in language of statute.* In an action by a miner for willful failure to obey the requirements of the statute relating to mines, it is not error to give an instruction stating the general duties of mine managers in the language of the statute, particularly where the other instructions call attention to the particular duty which the plaintiff claims was unperformed by the defendant.

2. MINES—*any conscious omission of duty is willful, under the statute.* Under the act relating to the duties of mine managers any conscious omission by a mine manager of the duties prescribed by the statute is willful.

3. SAME—*what sufficient evidence that plaintiff made demand for props and timber.* Evidence that the plaintiff, for three successive mornings, wrote his order for props and timbers on the blackboard provided for that purpose, in accordance with the custom established by the defendant himself, is sufficient to authorize the jury to find that the plaintiff had made a demand for the props and timbers.

4. EVIDENCE—*what sufficient to authorize instruction concerning permanent injury.* Testimony of the physician who treated the plaintiff that both bones of plaintiff's leg were fractured above the ankle joint and that he "would never have a perfect ankle joint," is sufficient authority for an instruction as to the allowance of damages in case the jury found, from the evidence, that plaintiff's injuries were permanent.

*Donk Bros. Coal and Coke Co.* v. *Peton,* 95 Ill. App. 193, affirmed.

APPEAL from the Appellate Court for the Fourth District;—heard in that court on appeal from the Circuit Court of St. Clair county; the Hon. M. W. SCHAEFER, Judge, presiding.

In their decision of this case the Appellate Court makes the following statement of facts:

"This was an action in case, brought by appellee against appellant in the circuit court of St. Clair county to recover for personal injury sustained by appellee while engaged as a miner in the service of appellant in its coal

mine.    Trial by jury.    Verdict and judgment in favor of appellee for $1000.00.

"Certain counts of the declaration charge that appellee was injured by reason of the willful failure of appellant to furnish a sufficient supply of props and caps as required by statute, and others charge that he was injured by reason of the willful failure of appellant to cause its mine to be inspected as the statute requires. To this declaration appellant pleaded the general issue.

"Section 16 of the Mine and Miners act requires that the mine manager shall always provide a sufficient supply of props and caps, delivered on the miners' cars at the usual place, when demanded, as nearly as possible in suitable lengths and dimensions for the securing of the roof of the mine; and section 18 requires that there shall be a mine manager at all mines, that he shall examine the mine daily, and, among other things, shall inspect all places where men are expected to work, and observe whether there are any unsafe "conditions, and that he shall evidence his examination by inscribing on the walls of each working place with chalk the month and day of the month of such examination; and make a daily record of the conditions in a book to be kept for that purpose.    The act also provides that for any injury to person or property, occasioned by any willful violation of any provision of the act, or willful failure to comply with any of its requirements, a right of action shall accrue to the party injured for any direct damages sustained thereby.

"Appellee was an experienced coal miner, and had worked in appellant's mine for two years prior to his injury, and had worked in the room in which he was injured for ten or twelve days.    The room was twenty feet wide and had been driven in about fifteen feet.    The roof was faulty, and needed propping to render it a reasonably safe place to work in.    On the 5th day of January, 1900, while appellee was engaged about his duties in this

room, a portion of the roof fell upon him, breaking his leg and seriously injuring him."

The judgment of the circuit court was affirmed by the Appellate Court, and the present appeal is taken from such judgment of affirmance.

FORMAN & BROWNING, and TURNER & HOLDER, for appellant.

M. W. BORDERS, and J. M. HAMILL, for appellee.

Mr. JUSTICE MAGRUDER delivered the opinion of the court:

The argument of counsel for appellant in this case is taken up largely with a discussion of the facts, and of the question whether or not the verdict is sustained by the weight of the evidence. These questions are all settled by the judgments of the lower courts. Whether or not the allegations of the declaration were sustained by the evidence; whether or not the neglect and failure of appellant to furnish props and caps when demanded, and to have its mine inspected daily, were the proximate cause of the injury to appellee; whether the neglect to furnish props and caps was willful or not, and whether the substance that fell could be safely propped or not, or should have been taken down, are all questions of fact, and being settled by the judgment of the Appellate Court, affirming the judgment of the circuit court in favor of appellee, are not subject to review by this court.

It is claimed, however, by the appellant, that the court erred in giving certain instructions which were given in behalf of the appellee upon the trial below. The first instruction, given for the appellee, is complained of upon the ground that it states all the duties of a mine manager without specifying the particular omission of duty relied upon for a recovery. The instruction is substantially in the language of section 18 of the Mines and Miners act of 1899. (Hurd's Stat. 1899, p. 1169). "Where

an instruction is given in the language of the statute, it must be regarded as sufficient, because laying down the law in the words of the law itself ought not to be pronounced to be error." (*Mt. Olive Coal Co.* v. *Rademacher*, 190 Ill. 538). If, however, the instruction should be regarded as erroneous when standing by itself, it could have done the appellant no harm when considered in connection with the other instructions which were given. The other instructions so given informed the jury what specific violation of the statute appellant was charged with, and upon which appellee relied to establish his right to recover. The duties of a mine examiner, as described in section 18, are so united and connected, that an instruction, which omitted some and stated others, could hardly be considered thoroughly accurate. The object, sought to be accomplished by the duties imposed upon the mine manager by section 18, is the safety of the men working in the mine, and the jury could hardly have been misled, nor could any prejudice have accrued to the rights of appellant, when, from all the instructions taken together, the jury were correctly informed as to the particular omissions of which appellant was guilty. The instruction does not require the jury to find for the appellee, but only states that a right of action accrues to the party injured for a willful failure to comply with the statute.. Such an instruction is not erroneous. (*Muddy Valley Mining and Manf. Co.* v. *Phillips*, 39 Ill. App. 376). "Whether the defendant was guilty of willful or wanton conduct or gross negligence was purely a question of fact for the jury to determine from all the evidence introduced by the respective parties bearing upon that point in the case, and it was not the province of the court to inform the jury that some particular fact in the case was conclusive of that question." (*Chicago, Burlington and Quincy Railroad Co.* v. *Murowski*, 179 Ill. 77).

In *Odin Coal Co.* v. *Denman*, 185 Ill. 413, we said (p. 417): "There was no evil intent operating to induce the failure,

but that element is not a necessary ingredient of willful-
ness within the correct meaning of the word 'willful' as
employed in this statute. * * * An act consciously
omitted is willfully omitted in the meaning of the word
'willful,' as used in these enactments of our legisla-
ture relative to the duty of mine owners." In *Carterville
Coal Co.* v. *Abbott,* 181 Ill. 495, we said (p. 502): "Where an
owner, operator or manager so constructs or equips his
mine that he knowingly operates it without conforming
to the provisions of this act, he willfully disregards its
provisions and willfully disregards the safety of miners
employed therein."

Appellant complains of the fifth and eighth instruc-
tions, given for the appellee, upon the alleged ground
that they are not based upon the evidence. These in-
structions required the jury to find from the evidence,
that the appellee "requested the mine manager of the de-
fendant to deliver him props and caps of suitable lengths
and dimensions for the securing of the roof in his room,
and that said mine manager failed to furnish such props
and caps," etc. It is said that there is no evidence in
the record, showing that the appellee made any demand
upon the mine manager for props and caps. The evi-
dence shows, that there was a custom or usage, estab-
lished by the appellant itself, as to the manner, in which
the miner, employed by the appellant, should make his
demand upon it for props and caps. According to this
custom or usage the miner, when he required or desired
to have such props and caps, wrote with chalk on a
blackboard, placed near the mouth of the shaft for that
purpose, the number of props and caps he wanted and
the length of the props. When they were furnished,
they would be sent down to him, and the driver would
deliver them at the miner's room. The evidence tends
to show that the appellee was in need of some props
and caps, and that, for three successive days before he
was injured, he placed his order for them on the board

or slate used for that purpose according to the custom or usage above referred to, and that they were not furnished to him. This mode of making a demand for props and caps was a reasonable and proper one, and, as it was the mode adopted and in general use, it constituted a sufficient demand on the mine manager within the meaning of the statute. It cannot be said, therefore, that there was no evidence in the record, showing that a demand for props and caps was made upon the mine manager, so as to condemn the fifth and eighth instructions as not being based upon the evidence.

Instruction numbered 13 is objected to because of the following words: "And if you find, from the evidence, that his injuries are permanent, you may take that fact into consideration and award him such damages as, from the evidence, you may believe are just and right and such as will compensate the plaintiff for his injuries." This portion of the thirteenth instruction, given for appellee, is objected to upon the alleged ground that there is no evidence of permanent injury on which it could be based. We cannot agree with counsel in their contention upon this subject. The physician, who treated appellee after he was injured, testified that he found a fracture of both bones of the leg, one at the ankle joint and one about two inches above the ankle joint; that the smaller bone was broken right at the ankle joint, and that appellee would "never have a perfect ankle joint." If, in the opinion of the physician as thus testified to, the appellee would never after the injury have a perfect ankle joint, we are unable to say that there was no evidence of a permanent injury.

We find no such error in the record as would justify us, in reversing this judgment. Accordingly, the judgment of the Appellate Court is affirmed.

*Judgment affirmed.*