## Pana Coal Company  v. George Becker.

1. PROPS—*when demand for, need not be made upon mine manager.* A demand for props need not be made of a mine manager where it appears that the demand was made in conformity with a custom adopted and in general use in such mine which custom was known to the mine manager.

Pana Coal Co. v. Becker.

2. PROPS—*what evidence not competent when negligence charged was failure to furnish.* Evidence that the plaintiff borrowed props from another miner just before the time of the injury or at any other time, is not competent where the negligence charged is failure to furnish props on demand.

3. PROPS—*what does not justify recovery for failure to furnish.* A recovery cannot be made for a failure to furnish props upon demand if such failure merely contributed to but did not occasion the injury complained of.

4. PLACE OF ACCIDENT—*competency of evidence pertaining to.* It is error to exclude evidence tending to show the condition of the place of the accident immediately before and after the injury complained of.

Action in case for personal injuries. Appeal from the Circuit Court of Christian county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1906. Reversed and remanded. Opinion filed November 27, 1906.

J. C. & W. B. McBRIDE, for appellant; J. C. McQUIGG, of counsel.

HOGAN & WALLACE, for appellee.

MR. PRESIDING JUSTICE RAMSAY delivered the opinion of the court.

This was an action brought by George Becker against the Pana Coal Company to recover damages for an injury to Becker alleged to have resulted to him through the wilful negligence of the coal company in failing to furnish Becker sufficient props for his use as a miner while in the service of the coal company. Upon trial a jury returned a verdict in favor of Becker in the sum of $8,000. Judgment was rendered for that sum upon the verdict and the coal company appealed.

The liability of the appellant is claimed under section 16 of chapter 93 of the Revised Statutes governing mines and mining, which provides that the mine manager shall always provide a sufficient supply of props, caps and timber delivered on the miners' cars at the usual place, when demanded, as nearly as possible in suitable lengths and dimensions for the securing of the roof by the miners. The specific negligence

charged in the declaration was that the appellant, at the time that appellee was injured by a quantity of falling rock, "had wilfully failed and omitted to deliver to said appellee, as required, props and cross-bars of sufficient length and dimensions with which to prop his said room and so enable him to make his said working place safe," etc.

The first error assigned by appellant which we care to discuss relates to the character of the demand made by the miner (appellee) for props to be used in support of the roof of the room where he was at work. The claim is made that such demand must have been made upon the mine manager, and that a demand upon any other person was not sufficient. In this case, however, it seems to have been fully shown by the evidence that there was a custom in the mine in question to order props from the driver, which had been in force for several years prior to the time of the injury. Appellee, Barney Murphy, William Daly, Henry Venner and Joe Wullmer testified upon the part of appellee that there was such a custom in force at the mine, while Henry Berten, the mine manager of appellant, practically admitted the existence of such custom. Berten in testifying in this connection said: "They (the miners) asked the driver for them (props) and if he don't get them they come to me." Robert Naples, the driver, testified that, "The custom of that mine was this, when a man wanted props to order them from the driver and I think Berten knew the method." This custom of ordering props from the driver was reasonable and proper and seems to have been known to the men in the mine and to the manager and had the effect of making a notice to the driver notice to the mine manager. That a demand made in conformity with a custom or mode adopted and in general use in the mine constituted a sufficient demand upon the mine manager was held in Donk Bros. Coal & Coke Co. v. Peton, 192 Ill. 41.

The holding in the case just cited is in no way qualified or modified by the opinion in the case of Henrietta Coal Co. v. Martin, 221 Ill. 460, for in the latter case there was no testimony offered to show any custom whatever in that mine known to the manager and the miners, which it was claimed made notice to the driver notice to the manager.

Appellant next contends that the court committed error in allowing appellee to give in evidence the fact that he and his "buddy" had borrowed props from miners in other rooms near the room in which appellee was working on two different occasions, several days prior to the date on which appellee was injured. This was error and one which was prejudicial to the interests of appellant. The *gravamen* of the charge upon the subject of negligence as made in the declaration is that on the twelfth day of June, 1903, and just prior to the time that he was injured, appellee demanded that said appellant furnish and deliver to appellee props, etc., so that he could make his room secure and that appellant failed to comply with such demand. No recovery could be had for any negligence upon the part of appellant other than that charged in the declaration. The negligence alleged is that the company failed to provide props after a sufficient demand. The fact that appellee borrowed and another miner loaned props just before the time of the injury or at any other time, could not tend to establish a demand upon the manager or his failure to comply. It could at most only tend to show an act not counted on, which would not, of itself, be negligence, and could only be competent evidence against appellant in the event that the mine manager knew of its existence. Such testimony tended to mislead and confuse the jury.

We think the court was also in error in refusing to allow appellant the right to show by the witnesses Berten and Brigham the condition of the room in which

appellee was injured just prior to and soon after the injury. It may be true that such evidence would have but little weight in enabling the jury to determine the exact condition of the room and the number of props in it at the time of the injury, but such weight, whether little or much, was for the jury to determine. If the testimony offered described the room *immediately* after or before the injury, it would have much greater force that it would have if it described conditions two or three hours either way from that event. The evidence, however, related to time so close to the main event, in point of time, that we think it was competent to go to the jury as *tending* to prove the condition of the mine and the number of props in it when the injury took place.

Appellant criticises the action of the court in the giving of appellee's third, fourth, fifth and eighth instructions. The objection made to the first three named, is that they state what constitutes a wilful violation of the statute, but omit to require appellee to prove a demand upon the manager for props. This criticism is without force as to the fourth instruction, which told the jury substantially in the language of the statute what the duty of the mine manager was in respect to delivering props *when demanded,* while the third and fifth instructions stated in substance that even if appellee was guilty of contributory negligence, appellant would be liable under the Miners Act for wilful negligence, if it failed to furnish appellee props as *alleged and charged in plaintiff's declaration.*

We would be much better satisfied with the instructions if they had required, in direct terms, proof of a demand by the miner in order to support the claim of negligence under the statute, yet the omission was not harmful enough of itself to warrant a reversal in view of the language employed in the fourth instruction given for appellee, and in view of the further fact that such third and fifth instructions required appellee to prove his case as laid in his declaration.

Appellee's eighth instruction was wrong and should have been refused. It told the jury that if they believed from the evidence that the negligence of the appellant *contributed* to the injuries of appellee, then it was their duty to find the issues in favor of appellee. The statute involved makes the omission to furnish props, when demanded, wilful negligence of itself, yet it does not make a recovery proper for such negligence unless such negligence *occasions* the injury.

We do not care to review the assignments of error relating to the examination of the jurors upon their *voir dire* or to the action of counsel for appellee in the use of alleged vehement language in closing the arguments in the case, farther than to say that such matters should be controlled by the court, in the exercise of a sound discretion, to avoid the working of prejudice to either party, and to see to it that the rights of each party are amply protected against any assault not warranted by the evidence.

This case will have to be tried again, when the errors so alleged may not occur, and their discussion thus become unnecessary.

For the reasons herein stated the judgment is reversed and the cause remanded.

Appellee's motion to tax the costs of additional abstract to appellant is allowed.

*Reversed and remanded.*

Mr. Justice PUTERBAUGH took no part in the consideration or determination of this case.