The Chicago, Burlington and Quincy Railroad Co.

*v.*

Anton Murowski.

*Opinion filed April 17, 1899.*

1. Appeals and Errors—*when party cannot complain of error in modifying an instruction.* One cannot complain of error of the court in modifying an instruction where he subsequently obtains an instruction announcing the same principle complained of.

2. Same—*peremptory instruction asked as one of series comes too late.* It is proper for the court to refuse an instruction directing a verdict for the defendant after instructions have been given at his request submitting the case to the jury on the facts.

3. Negligence—*the degree of negligence is a question for the jury.* Whether the failure to sound the engine bell or whistle before starting a train within the city limits, in violation of the statute and a city ordinance, is willful or wanton negligence under the particular circumstances, is a question for the jury, and it is not the province of the court to say that such omission is not willful.

4. Same—*when question whether plaintiff was a trespasser is for the jury.* Whether plaintiff was a trespasser is a question for the jury, under evidence that the defendant's railroad tracks where the injury occurred were immediately in front of the only entrance to a large factory where some 1800 employees crossed daily; that the tracks had been planked by the owners of the factory for over eleven years; that men in search of work were accustomed to congregate there, the plaintiff being among them on the day of the injury, and that the railroad company had never objected to such use of its tracks.

*C., B. & Q. R. R. Co.* v. *Murowski,* 78 Ill. App. 661, affirmed.

Appeal from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. Jonas Hutchinson, Judge, presiding.

This was an action brought by Anton Murowski to recover damages for a personal injury received on the 11th day of July, 1893, in the city of Chicago, at a place known as Oakley avenue, immediately north of the gate of the McCormick Reaper Works. Oakley avenue is a paved highway running north and south. It terminates at the south opposite the north gate of the McCormick

Reaper Works. The reaper works were enclosed by a high fence running east and west. The tracks of appellant where the accident occurred cross Oakley avenue immediately north of the reaper works fence, running east and west and parallel with that fence. The tracks were used for the purpose of collecting and hauling freight, and are four in number. A switch led from the tracks into the reaper works. The first track is constructed within three or four feet of the reaper works fence. Oakley avenue is planked between the tracks of the appellant's railroad, and has been planked for ten or eleven years. Appellee was struck and injured on the planked tracks opposite the reaper works gate by a freight train going west. On a trial the jury returned a verdict in favor of appellee for $15,000. The court required a *remittitur* of one-half the amount and rendered judgment for $7500. The railroad company appealed to the Appellate Court, where the judgment was affirmed.

Chester M. Dawes, and Lowden, Estabrook & Davis, for appellant.

Brandt & Hoffmann, for appellee.

Per Curiam: The judgment of the Appellate Court affirming the judgment of the superior court settled all controverted questions of fact against appellant, and under our statute no assignment of error shall be allowed which calls in question the determination of the Appellate Court on controverted questions of fact.

On the trial the defendant requested the court to give the following instruction:

14. "The court instructs the jury that if they believe, from the evidence, that the plaintiff, at the time he was struck, was a trespasser upon the defendant's right of way, then the jury must find the issues for the defendant."

The court refused to give the instruction as asked, but modified it by adding the following: "Unless you be-

lieve, from the evidence, that the plaintiff was struck by reason of the wanton and willful negligence and careless- ness of the defendant's servants." The ruling of the court on the instruction is claimed to be erroneous. Where the court has erred in giving or modifying an instruction, the party against whom the error was committed cannot complain of such error where he subsequently asks and obtains the giving of an instruction announcing the same principle of law, as was held by this court in *Cicero Street Railway Co.* v. *Meixner,* 160 Ill. 320. Upon looking into the record it will be found that the court gave, on request of defendant, the following instruction:

9. "The court instructs the jury that if you believe, from the evidence, that the accident to the plaintiff hap- pened on the private right of way of the defendant, then you must find the defendant not guilty, unless you be- lieve, from the evidence, that the conduct which is com- plained of was willful or wanton, or such gross negligence as amounts to willful or wanton conduct."

It was claimed that plaintiff was a trespasser because he was on the private right of way of the defendant with- out permission when injured. It is therefore apparent that both instructions announce the same principle, and under the rule announced defendant cannot complain.

The defendant submitted to the court, with other in- structions, No. 15, as follows:

"The court instructs the jury, as a matter of law, that plaintiff has failed to make out a cause of action against the defendant, and your verdict should be not guilty."

The court refused the instruction, and the ruling is relied upon as error. In *Peirce* v. *Walters,* 164 Ill. 560, we held that if a party desired to rely on a peremptory di- rection to find for the defendant, the instruction must be asked at the close of the evidence for plaintiff or at the close of all the evidence,—that it was too late to submit an instruction of that character with a series of other instructions. Here, upon the close of the testimony, as

appears from the abstract, plaintiff asked one instruction, which was given; then the defendant asked a number of instructions, some of which were given and others refused, No. 15 being of the series. Under the rule as declared in the case cited and in subsequent cases, the court did not err in refusing the instruction.

It is next claimed that the court erred in refusing instruction No. 20, which was as follows:

"The court instructs the jury, as a matter of law, that every person is bound to know that a railroad track is a dangerous place, and that even if the jury believe, from the evidence, that the plaintiff was struck while standing on the track, still the burden is on the plaintiff to prove that he looked or listened or took some reasonable measures for the avoidance of danger, and that, unless he proves, by a preponderance of the evidence, that he did take such measures, the verdict must be for defendant."

An instruction of this character was condemned in *Partlow* v. *Illinois Central Railroad Co.* 150 Ill. 321, and for the reason there stated the instruction was properly refused. But if the principle announced in the instruction was correct, defendant cannot complain of the action of the court in refusing it, for the reason that the substance of the instruction was contained in plaintiff's instruction No. 4, which the court gave to the jury.

It is next claimed that the court erred in refusing instruction No. 21 asked by the defendant. This instruction directed the jury, as a matter of law, that although they might believe defendant omitted to ring the bell or sound the whistle at the time of the accident, such omission was not evidence of willful or wanton conduct on the part of defendant. Whether the defendant was guilty of willful or wanton conduct or gross negligence was purely a question of fact for the jury to determine from all the evidence introduced by the respective parties bearing upon that point in the case, and it was not the province of the court to inform the jury that some particular fact

in the case was conclusive of that question.    Section 70 of chapter 114 (Hurd's Stat. 1897, p. 1250,) makes it unlawful for any engineer on any railroad to start his train at any station, or within any city, incorporated town or village, without ringing the bell or sounding the whistle a reasonable time before starting.   The ordinance of the city put in evidence also prohibited the moving of an engine within the city unless the bell is rung or whistle blown.  But in disregard of the statute and the ordinance the evidence tended to prove that the engine which struck the plaintiff was started and moved without ringing a bell or sounding a whistle or giving any other signal or warning of danger.  So, also, the train was started at a time and place when persons on Oakley avenue, or on the planked tracks adjacent thereto, were liable to be injured unless warned of danger.  Under such circumstances the degree of negligence to be imputed to the defendant was a question solely for the jury.   The court therefore properly refused the instruction.

It is also claimed that the court erred in refusing the following instruction:

. 23. "The court instructs the jury, as a matter of law, that you cannot find the defendant guilty in this case unless you find, from the evidence, that it was chargeable with willful or wanton conduct, or such gross negligence as amounts to such conduct."

This instruction assumes that the plaintiff was a trespasser on the tracks or private right of way of defendant at the time he was injured, and for that reason, if for no other, it was erroneous.   It may be true that defendant owned the title to the property between the gate of the reaper works and the south line of Oakley avenue, where its tracks were constructed and where the plaintiff was injured, but there was much evidence introduced tending to prove that the property had been devoted to the use of the public, or that the employees of the reaper works, and those who congregated there for the purpose of se-

179—6

curing employment, had been licensed by the defendant to pass over and be upon the property where the injury was received. It appears that the defendant's tracks and right of way from the reaper works fence to the south line of Oakley avenue were planked like a street crossing, and had been planked for eleven years. The planking was put in and maintained by the reaper company, and the evidence shows that the only entrance to the reaper works is over defendant's tracks and through the large gate; that at least 1800 men cross the tracks and enter through the gate into the reaper works every morning between half-past six and seven o'clock. It also appears that men in search of employment were accustomed to congregate on the tracks and right of way in front of the gate each morning and remain there several hours for the purpose of being employed by those in charge of the reaper works, and it was the custom of those in charge of the works to go outside of the gate and employ men when they needed help. On the morning of the injury the plaintiff had gone there in company with others for the purpose of getting employment, and while standing there in front of the gate he was struck by a passing engine and injured. It does not appear that any objection was ever made by the railroad company to the use of the property in the manner indicated. It was never claimed that the employees had no right to pass daily over the property, nor was it claimed that others seeking employment had no right to be and remain on the tracks opposite the entrance of the reaper works. Under the facts as they appeared from the evidence it was a question for the jury to determine whether plaintiff was a trespasser or whether he was rightfully on defendant's property at the time he was injured.

Fourteen instructions were given, as appears from the record, on behalf of the defendant, and upon examination it will be found that all questions of law involved in the case are fully covered by those instructions. There was

therefore nothing in the case which required other or different instructions from the court.

It is finally claimed that counsel for plaintiff abused the right of cross-examination of certain witnesses, and that the court erred in permitting the right to be abused. It may be true that the court would have been justified in restricting the cross-examination of some of the witnesses within narrower limits, but from our examination of the record we are not able to say that it discloses such error in this regard as should reverse the judgment.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*