## Illinois Terminal Railroad Company v. Jacob Mitchell.

1. TRESPASSER—*who not.* Where the *locus in quo* is to be considered a public street, a person injured upon the track of a railroad company cannot be deemed a trespasser.

Action on the case for personal injuries. Appeal from the Circuit Court of Madison County; the Hon. CHARLES T. MOORE, Judge, presiding. Heard in this court at the February term, 1904. Affirmed. Opinion filed September 9, 1904.

TRAVOUS, WARNOCK & BURROUGHS and HENRY S. BAKER, for appellant.

WEBB & WEBB and BURTON & WHEELER, for appellee.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This was an action in case by appellee against appellant, to recover damages for injuries alleged to have been sustained by him by being struck by a train of appellant, while he was walking on one of its tracks in the city of Alton, on April 12, 1903.

The declaration contained four counts, the first of which charged that while the plaintiff was walking along Front street in the said city on the railroad tracks of appellant, the latter, by its servants, so carelessly and improperly managed said train that thereby plaintiff was struck and injured. The second set out the same facts, and also the ordinance of the city of Alton limiting the speed of trains to ten miles per hour, and charged that defendant, by its servants, was driving said train at a speed of forty miles per hour. The third count charged that defendant failed to comply with the provisions of an ordinance requiring the bell to be rung continually while the locomotive was within the city. The fourth set out the speed ordinance and charged that while plaintiff with due care for his safety was walking along and over defendant's tracks, and without notice that a train was approaching him from the rear, the agents and servants of defendant in charge of said train negligently, wantonly, wilfully and wrongfully ran

and drove said train at a rate greatly exceeding ten miles per hour, by means of which the train ran against plaintiff and injured him.

In the first three counts the averment is that the place where the accident occurred was a public highway, but that statement is omitted from the fourth count. The general issue was pleaded, the jury found for the plaintiff, judgment was given for the amount of the verdict and defendant appealed.

The sole ground of reversal urged by appellant is that the court erred in refusing to instruct the jury to find for appellant, as requested by it, both at the close of appellee's case, and also when all the evidence was in. We are only called upon, therefore, to determine whether the evidence was sufficient to warrant the court below in submitting the case to the jury.

What is known as Front street in the city of Alton, runs in an easterly and westerly direction near the Mississippi river, part of it in places extending to the river bank. So far east as Ridge street, which crosses at right angles, it is a well-defined, paved street. East of Ridge street it has been occupied for many years by appellant and other railroad companies, with their tracks. On July 9, 1895, the city council of Alton passed an ordinance authorizing appellant to construct and maintain a railroad track over, along and upon Front street, from Henry street, which is west of Ridge street, easterly to the limits of the city. Said ordinance was approved by the mayor July 10, 1895, and accepted by appellant on the same day. Appellee introduced a plat of what purported to be Charles W. Hunter's addition to Lower Alton and North Liberty, made October 25, 1836, acknowledged by Hunter February 15, 1837, and on that day recorded, showing that Front street extended from a point west of Ridge street, easterly to a point some seven blocks east of Oak street; also a plat called William Russell's addition to Alton, made August 11, 1837, covering a portion of the same territory, authenticated by William Russell January 21, 1850, and approved

and adopted by Charles W. Hunter February 21, 1850, designating that portion of Front street between Oak street and the street four blocks east thereof, called Appel street, as "public city commons," which plat purports to have been recorded February 14, 1850. The streets running at right angles to Front street in the vicinity of the place where appellee was injured, are, commencing on the west and going east, Henry, Ridge, Spring, Oak and Walnut streets. Some distance east of Walnut street are located what are known as the Glass Works.

It further appeared from the evidence that appellee was a laborer sixty years of age, working at the glass works; that on the day he was injured, he walked south on Oak street; that along what is claimed to be Front street, at the south end of Oak street, are four railroad tracks; that appellee going south crossed two tracks of the Chicago & Alton, the track of appellant, and got on the track of what is known in the evidence as the Bluff line; that he walked a short distance east on the Bluff line track, when he discovered a train approaching from the east on that track; that he then went back north to appellant's track; that when he had gone about 140 to 150 feet, reaching a point about half way between Oak and Walnut streets, he was struck and injured.

There was the usual controversy in the evidence as to the ringing of the bell, sounding of the whistle, and the speed of the train. The proofs tended to show that appellant's train, at the time in question, was running within the city of Alton, at the rate of from twenty-five to thirty miles an hour, contrary to an ordinance of the city, and at a place where the tracks were used by from 50 to 150 people daily as a walking place in going to and from the glass works and elsewhere; that no bell was ringing, and the whistle was not sounded until the engine was so near to appellant that the warning could be of no beneficial effect to him; that Front street, both east and west of Ridge street, was dedicated to the city as a street, and recognized as such both by the city and by appellant; that at the time

appellee stepped upon the track, there was no train in view from the west, and there was an uninterrupted view from that point to the first curve west, for about 1,000 feet; and that appellant's engineer was looking back at the engineer on the Bluff line, and motioning to him just before he reached Oak street.   This evidence, if believed by the jury, was amply sufficient to justify them in finding that appellant's servants in charge of its train, were guilty of negligence in injuring appellee.

It remains to be considered, therefore, whether appellee was, at the time he was injured, guilty of contributory negligence.   It is contended by appellant that Front street east of Ridge, is not a public street, and has never been accepted as such by the city.   It appears, however, that this portion of Front street has been used to a greater or less extent for many years; that it is the most direct way for the people living in the neighborhood of appellee to go to town; and that it is in daily use by people in that neighborhood, going to and from the glass works.   It was recognized both by the city and by appellant, in the ordinance giving appellant the right to lay its tracks along the same, as a public street, and appellant, having received its authority from the city to lay its tracks along the same, as a public street, and having so recognized the same and taken benefit of the authority given it and laid its tracks, cannot now be permitted to say that the same is not a public street. If, then, as we think, the *locus in quo* was to be considered as a public street, appellee was not a trespasser in going upon the tracks.   If, as he swears, in going upon the track he looked to see whether any train was approaching, and saw none within 1,000 feet, he had a right to rely upon the belief that appellant's servants would run the train at the rate of speed prescribed, and give the signals provided for by the ordinance.

In I. C. R. R. Co. v. O'Connor, 189 Ill. 559, it is said : " There is a line of decisions by this court holding, in effect, that even though a party may be upon the defendant's track or right of way without an absolute right to do so,

yet where the place 'has been openly used jointly by the railroads and the public,' and where, from the evidence, the ownership of the place is left in doubt, as in the case of Chicago and Alton Railroad Co. v. O'Neil, 172 Ill. 527; or at a place on a public street, or on the ' planked tracks adjacent thereto,' as in Chicago, Burlington and Quincy Railroad Co. v. Murowski, 179 Ill. 77; or where the evidence tended to show that the place of the injury was in a public street of the city, as in Lake Shore and Michigan Southern Railway Co. v. Bodemer, 139 Ill. 596, the company owes to persons at such places the duty of exercising reasonable care to avoid inflicting injury upon them, and that in such cases the failure to give required signals may amount to wanton or gross negligence."

Upon the whole evidence, the question whether appellee was at the time of the injury in the exercise of ordinary care for his own safety, was a close one, and was properly submitted to the jury. The court below did not err in refusing to instruct the jury to find the defendant not guilty, and its judgment will be affirmed.

*Affirmed.*