## Alice Deakin, by next friend, v. Illinois Central Railroad Company.

1. DEPOT GROUNDS—*when person upon, a trespasser or licensee.* A person who is upon depot grounds in connection only with private business, and not for the purpose of taking passage upon a train of the defendant company, is merely a trespasser or licensee as to whom the company owes no other duty than not wilfully or wantonly to injure.

Action on the case for personal injuries. Error to the Circuit Court of Champaign County; the Hon. SOLON PHILBRICK, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed June 8, 1906.

RAY, DOBBINS & RILEY, for plaintiff in error.

GEORGE W. GERE, for defendant in error; JOHN G. DRENNAN, of counsel.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in case, by Alice Deakin, against the Illinois Central Railroad Company, to recover for personal injuries. The first count of the declaration, as amended, avers, in substance, that defendant on January 2, 1905, operated a railroad through the incorporated village of Thomasboro; that on the west side of its right of way there was a traveled road which had been used by the public for more than twenty years; that east of the said right of way, Main street, the principal street of said village, approached said right of way at right angles, and that from the end of the sidewalk on the south side of said Main street there extended across the said right of way to the road on the west side thereof a crossing which had existed and, by and with the consent, knowledge and acquiescence of the defendant, had for more than twenty years then last past been used by the inhabitants of said village living west of said right of way, and the public generally, as a crossing for foot passengers traveling to and from the portions of said village on the different sides of said railroad

Deakin v. I. C. R. R. Co.

and by means thereof the same had become and was a public crossing for foot passengers. That upon said crossing defendant then and there maintained a plank walk for the convenience of persons having occasion to cross its said tracks and that the same was then and had been for twenty years, with the acquiescence, consent and knowledge of the defendant, used as the principal crossing for foot passengers in said village. That while plaintiff was lawfully upon the tracks of defendant at the said crossing, and attempting to cross the same, the defendant by its servants drove and propelled along its said railroad within the corporate limits of said village a locomotive and train of freight cars at a rate of speed exceeding ten miles per hour in violation of an ordinance of said village then in force, and negligently caused the same to run against and strike the plaintiff, thereby causing the injuries complained of. The second count avers that across the right of way of defendant, within the corporate limits of said village extending west from the end of Main street in said village, there existed a public crossing of the width of ten feet; that on said day and date there was there and then in force the ordinance referred to in the first count; that at the west end of Main street and along its said right of way the defendant negligently permitted its sidetrack to be filled with cars and the said crossing to be so obstructed for the period of twenty-six hours, in such manner that the plaintiff in attempting to cross the tracks of the defendant was forced to pass through a narrow opening of the width of six feet, left between said cars adjoining the said crossing, so that plaintiff was unable to see any distance up or down the said track until she was immediately upon the main track. That while plaintiff was attempting to cross the tracks of the defendant at said crossing and while lawfully upon the same, the defendant negligently drove and propelled along its said railroad within the corporate limits of said village a locomotive and train of cars at a rate of speed of twenty-five miles per hour up to and across the said crossing and past the said narrow passage in such manner that the

plaintiff was struck by the said locomotive and train of cars, etc.

The third count avers the existence of the crossing and the ordinance, and then avers that at the west end of said Main street and upon its said right of way the defendant negligently permitted the said crossing to be obstructed with cars, and in the line of said crossing permitted an opening to be left between said cars of the width of six feet immediately adjoining said crossing, and within six feet thereof, for the purpose of allowing parties desiring to cross said crossing to pass around the said obstruction by it so placed upon said crossing on its said right of way and in such manner that all persons desiring to cross its tracks at the end of said Main street were forced to pass off the said crossing and upon the said right of way, and through the said narrow opening, during the whole of said day, with the knowledge, consent, acquiescence and at the invitation of the defendant; that said opening and obstruction was immediately adjoining said main tracks of defendant, so that in crossing the same through the said opening its trains could not be seen until the plaintiff was immediately upon the main track; that the home of plaintiff being upon the west side of the right of way of defendant, within the corporate limits of said village, she was compelled to cross the right of way in order to reach her home, there being no other public crossing for foot passengers within the corporate limits of said village, and that while plaintiff was attempting to cross said tracks at said crossing, the defendant negligently drove and propelled along its said railroad within the corporate limits of said village a locomotive and train of cars at a rate of speed of twenty-five miles per hour, up to and across the said crossing and past the said narrow passage in such manner that plaintiff, who was then and there lawfully attempting to pass through the same, was then and there struck by said locomotive, etc.

To this declaration the defendant filed the general issue and a trial was had by jury. After the evidence of the plaintiff was concluded the defendant offered a peremptory

instruction which the court gave.  A motion for a new trial was made and overruled, the plaintiff having preserved proper exceptions, and judgment was entered in bar of action, for costs, and that execution issue.  The plaintiff, by her *prochein ami*, brings the cause here upon writ of error.

Inasmuch as evidence was introduced upon behalf of the plaintiff only, the question whether or not the court erred in directing a verdict for the defendant necessarily depends upon the further naked legal question as to whether or not such evidence, with all the inferences that the jury could justifiably draw therefrom, was sufficient to support a verdict for the plaintiff.

The evidence in question tends to show the following state of facts:   The village. of Thomasboro which has existed for thirty years, and was incorporated some five years ago, is situated upon the Chicago branch of the Illinois Central Railroad which runs through the village in a northerly and southerly direction for the distance of about a mile.  It consisted of a double main track and a switch track on the east side thereof.  The village had a population of over 300, most of whom resided east of the railroad.  The depot of the defendant is situated on the west side of the tracks.  Upon the right of way east of the tracks are located buildings used for elevator purposes and its east line is unfenced.  On the west line of the right of way was a continuous fence. West of the railroad were three residences, an oil shed, a village pasture, baseball and gun-club grounds, several corn cribs and a tile factory.  Between the public road at the tile factory eighty rods south of the depot and the public road at the corporate limits, three-quarters of a mile north of the depot, there was no public street or road crossing. The sidewalk or path where appellant was injured was entirely upon the right of way of appellee and extended from the west terminus of the sidewalk on the south side of Main street, the principal east and west thoroughfare of the village, over and across the right of way and tracks of appellee, to the north end of the depot platform, and was constructed for the convenience of persons going to and

returning from the depot on business connected with the railroad company. It had, however, been used for some thirty years by the public for the purpose of going and coming to and from the main part of the village to the depot and thence to the territory on the west side of the railroad. At the time of the accident, several freight cars were standing upon or near the crossing in question with a short opening between two of them, a few feet south of the crossing. The plaintiff, a girl of the age of about five years, and who lived with her parents just west of the railroad, while returning home from a neighbor's house came west along Main street, thence upon the path between the elevator buildings, and then upon the side track through the opening between the cars. When she reached the main track she saw a passenger train coming and attempted to reach the depot platform, but was struck by the train, which was running at the rate of from twenty to twenty-five miles an hour. There is evidence tending to show that no signals, by bell or whistle, were given by the engineer of the train; and it further appears that at the time there was in force in said village an ordinance limiting the speed of trains to ten miles an hour. The court refused to admit proof offered by appellant that the path and crossing in question had been used by the public for thirty years without objection on the part of appellee.

It is contended by counsel for appellant that notwithstanding the pathway or crossing upon which she was injured was not a public highway, appellee was, nevertheless, required to exercise ordinary care not to injure her while thereupon; that because the pathway was well-defined, and appellee had without objection and for many years permitted the public generally to use the same at such times and for such highway purposes as they saw fit, the same duty was due from appellee to those using the crossing, as if the same had been located upon a public highway.

In I. C. R. R. Co. v. Eicher, 202 Ill. 556, it was held that a railroad company owes no duty to a person walking along its tracks without its invitation, either expressed or implied,

except to refrain from wantonly or wilfully injuring him, and to use reasonable care to avoid injury to him after he is discovered to be in peril; and it makes no difference in that respect whether he is a trespasser, a mere licensee, or one who is on the tracks by mere sufferance, without objection of the company. That one who goes upon a railroad track by permission, or where permission may be implied from the circumstances, may be regarded as having a license, but one who is there by mere sufferance is not a licensee and may be a trespasser. That in either case there is no duty toward him, except to refrain from wantonly or wilfully injuring him.

In James v. I. C. R. R. Co., 195 Ill. 330, the doctrine is laid down that while railroad stations are *quasi* public places, the public is only invited for certain purposes, namely, business in connection with the railroad company or some one connected with the company; that all persons who go there upon their own motion and by their own volition as loiterers or for the purpose of crossing in and about their own business and not business connected with the railroad company, or some one connected with the company, are trespassers. That because a railroad company maintains a depot or station upon its line it does not thereby invite persons having no business with it to go from the platform of the station and travel upon or across its tracks for their individual convenience and upon their individual business in no manner connected with such railroad.

In the case at bar appellant was not upon the station grounds and right of way of appellee upon any business connected with the railroad company. She was using the depot platform and station grounds as a passage way to go and return upon an errand for her mother. Under the rule laid down in the James case, *supra*, she was therefore either a trespasser or mere licensee, and appellee owed her no duty except not to wilfully or wantonly injure her.

We think the case of C., B. & Q. R. R. Co. v. Murowski, 179 Ill. 77, and I. C. R. R. Co. v. Clark, 83 Ill. App. 620, cited by appellant are distinguishable from that at bar so

far as the facts involved are concerned.  In the Murowski case it did not appear that there was anything in the surroundings to indicate that the plank crossing upon which the plaintiff was injured was upon private property or that the public had not the right to cross there.  The evidence showed that the defendant's right of way and tracks were and had been for a number of years so planked from the end of Oakley avenue to the McCormick fence as to indicate an apparent continuation of the avenue to the fence, and that some eighteen hundred persons used the crossing daily, thus warranting the public in the belief that the crossing was but a continuation of a public street.  Furthermore, in that case, the question as to whether or not the crossing was in fact a part of Oakley avenue was controverted.  In the Clark case, *supra*, the evidence shows that the plaintiff was injured upon a sidewalk which continued in a direct straight line east and west across the right of way, connecting on either side with the sidewalk on the north line of Seventy-second street, an east and west street which would have continued, if produced, across the right of way; that the sidewalk across the right of way was left open for general public travel and that to all appearances it was the extension of the sidewalk which ran along the north side of Seventy-second street on either side of the right of way.

In the case at bar the pathway was entirely upon the right of way.  It must have been apparent from the locations of the elevator, lumber sheds and other surroundings that it was not a continuation of Commercial avenue.  It lacked some ninety feet of extending across the right of way, extending only to the station platform with which it connected and was an approach.

If the statement quoted by counsel for appellant from the opinion of the court in the case of I. C. R. R. Co. v. Hammer, 72 Ill. 347, can be said to support their contention, it may reasonably be presumed that the views therein expressed are modified or overruled by the later cases.

Inasmuch as the declaration failed to aver and the evi-

dence failed to prove that the injury to appellant was caused by the wanton or wilful negligence of appellee, the trial court, under the law as laid down in the foregoing cases, properly directed the jury to return a verdict of not guilty.

The judgment of the Circuit Court is accordingly affirmed.

*Affirmed.*