Third District—October, 1919.        531

Voorhees v. Chicago & Alton Railroad Co., 215 Ill. App. 531.

## M. B. Voorhees, Administrator of the Estate of Lillian Ryan, Deceased, Defendant in Error, v. Chicago & Alton Railroad Company, Plaintiff in Error.

1. Negligence, § 192*—*whether acts constitute wilful negligence as for jury.* Whether certain acts constitute wilful negligence is a question of fact for the jury.

2. Negligence, § 187*—*surrounding circumstances to be considered by jury in determining question of wilful negligence.* In determining the question of whether certain acts constitute wilful negligence, the jury have a right to and should consider all of the surrounding circumstances.

3. Railroads, § 737*—*what may be considered by jury in action for death at crossing.* In an action for a death resulting from a railroad-crossing accident, *held,* that the jury were not confined to what happened after the engineer saw the rig in which the deceased was riding, but that they had a right to also consider whether the engineer was or was not guilty of wilful negligence when, knowing all of the surrounding facts and circumstances, he ran his train down hill at a rate of speed of from 45 to 60 miles an hour as it was nearing a grade crossing over a public highway that was hidden from view for at least an eighth of a mile before the crossing was reached where he knew persons were likely to be passing.

4. Railroads, § 700a*—*when engineer's intent to injure or kill deceased at crossing may be implied.* In an action for a death resulting from a railroad-crossing accident, *held* that, in determining the question of wilful negligence on the part of the engineer, it was not necessary for the jury to find that he was possessed of an actual intent to injure or kill the deceased, since an intent to injure or kill may be implied from acts which show a reckless disregard for the safety of others and which are likely to result in their injury or death.

5. Railroads, § 783*—*conclusiveness of finding of jury, in crossing-accident case, of wilfulness on part of defendant's servants.* Where the jury, in an action for a death resulting from a railroad-crossing accident, determined that the act of the servants of the defendant railroad company was wilful, it is not for the Appellate Court to reverse such finding of fact.

6. Appeal and error, § 1725*—*holding of Appellate Court as to effect of count in declaration as controlling on subsequent appeal.* The holding of the Appellate Court that a certain count in the declara- .

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

532 APPELLATE COURTS OF ILLINOIS.

Voorhees v. Chicago & Alton Railroad Co., 215 Ill. App. 531.

tion in an action for a death resulting from a railroad-crossing accident charges wilful negligence is controlling upon such court when subsequently the case again comes before it.

7. RAILROADS, § 695*—*when declaration in action for death at crossing charges wilful negligence.* A count in the declaration in an action for a death resulting from a railroad-crossing accident, *held* to charge wilful· negligence. (*Voorhees v. Chicago & A. R. Co.,* 208 Ill. App. 86, adhered to.)

8. RAILROADS, § 772*—*when number of instructions asked by defendant in crossing-accident case tends to excuse refusal of some of them.* The fact that nineteen instructions were asked by the defendant railroad company, sued for a death resulting from a railroad-crossing accident, *held* to tend strongly to excuse the refusal of some of them even if they were technically correct.

9. RAILROADS, § 772*—*when instructions requested by defendant in action for death at crossing are properly refused.* In an action for a death resulting from a railroad-crossing accident, *held* that defendant railroad company's instructions, one of which told the jury that the failure to ring the bell or sound the whistle did not of itself amount to wilful negligence, and the other of which declared that the operation of the train at a high rate of speed did not of itself amount to wilful negligence, were not correct and were properly refused, since, although it might be that the failure to ring the bell or sound the whistle or the running of the train at a high rate of speed would not separately or collectively constitute wilful negligence, together with other elements they might do so, and since it is misleading and improper to separate each of the elements that together constitute a cause of action but that singly do not do so and instruct the jury that each of such separate elements is insufficient for such purpose.

Error to the Circuit Court of Jersey county; the Hon. NORMAN L. JONES, Judge, presiding. Heard in this court at the April term, 1919. Affirmed. Opinion filed October 21, 1919. *Certiorari* denied by Supreme Court (making opinion final).

C. E. POPE, for plaintiff in error; SILAS H. STRAWN, of counsel.

D. J. SULLIVAN, for defendant in error.

MR. PRESIDING JUSTICE GRAVES delivered· the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Appellant's right of way and tracks cross the public highway at a point about 2 miles south and east of Jerseyville at an acute angle; the railroad right of way and tracks run southeasterly and northwesterly and the public highway runs east and west. The railroad track was on a down grade at the rate of 15 feet fall to 3,000 feet run as it approached this crossing from the southeast. On the south side of the highway for about an eighth of a mile east of the right of way of plaintiff in error there was a large hedge that at the time of the occurrence here involved, July 20, 1913, was fully leafed out. On that day Mrs. Mattie Ryan with her two children, Lillian Ryan then 3 years of age and Stuart Ryan then 5 years of age, were riding in a single-seated top buggy drawn by a single horse along the public highway from east to west. When they came upon the intersection of the highway with appellant's railroad track the rig was struck by a locomotive engine drawing a passenger train at a rate of speed variously estimated to be from 45 to 60 miles per hour. They were all killed. The engineer testified that he saw the rig in which these people were riding when his train was from 300 to 400 feet southeast from the crossing and that all he did to prevent an accident was to blow the whistle on the locomotive until about the time it struck the rig, when he put on the emergency brake. The testimony further shows that the presence of the hedge above mentioned prevented one approaching the crossing where the collision occurred from the southeast on the railroad track from seeing a rig while it was traveling from a point an eighth of a mile east of the railroad right of way to the east side of the right of way. The engineer in charge of the locomotive was familiar with the track, the grade, the crossing, the hedge and all of the physical conditions there and had been so familiar for a long time. He had run that train regularly for 2 years or more.

This suit was begun by the administrator of Lillian

Ryan, deceased, to recover damages to the next of kin for her death. The verdict and judgment were against plaintiff in error for $2,000.

The count of the declaration on which this case was tried charged wilful and wanton negligence.

Whether certain acts constitute wilful negligence is a question of fact for the jury. *Heidenreich v. Bremmer*, 260 Ill. 439; *Illinois Cent. R. Co. v. Leiner*, 202 Ill. 624; *Chicago, B. & Q. R. Co. v. Murowski*, 179 Ill. 77. In determining that question the jury have a right to and should consider all the surrounding circumstances. In this case the jury were not confined to what happened after the engineer saw the rig in which the deceased was riding, but they had a right to also consider whether the engineer was or was not guilty of wilful negligence who, knowing all the surrounding facts and circumstances, ran a train down hill at a rate of speed of from 45 to 60 miles per hour as it was nearing a grade crossing over a public highway that was hidden from view for at least an eighth of a mile before the crossing was reached where he knew persons were likely to be passing. In determining that question it was not necessary for the jury to find that the engineer was possessed of an actual intent to injure or kill the deceased. The intent to injure or kill may be implied from acts which show a reckless disregard for the safety of others and which are likely to result in injury or death to them. *Lake Shore & M. S. Ry. Co. v. Bodemer*, 139 Ill. 596; *Chicago, B. & Q. R. Co. v. Murowski*, 179 Ill. 77. The jury having determined that the act of the servants of plaintiff in error was wilful, it is not for this court to reverse such findings of fact. *Chicago & A. R. Co. v. O'Neil*, 172 Ill. 527; *Chicago, B. & Q. R. Co. v. Murowski*, 179 Ill. 77.

The question whether the count on which this case was tried amounted to a sufficient charge of wilful negligence is not now open to discussion in this court. In an opinion by Mr. Justice Thompson handed down

in October, 1917, in this case, this court held that the count now under consideration charged wilful negligence. *Voorhees v. Chicago & A. R. Co.,* 208 Ill. App. 86, also *Voorhees v. Chicago & A. R. Co.,* 208 Ill. App. 96. The opinion handed down in this case when it was first before us is controlling on us now and is adhered to.

The court gave fourteen instructions for plaintiff in error and refused five. It is inconceivable that counsel for plaintiff in error could not in even less than fourteen instructions have stated all the law necessary for the correct guidance of the jury in a case of this kind. The fact that nineteen instructions were asked tends strongly to excuse the refusal of some of them even if they were technically correct, but refused instructions numbered one and two, which are the only ones plaintiff in error has argued should have been given, are not correct and were properly refused. They are as follow:

"1. The Court instructs you that merely failing to ring the bell or sound the whistle as the train approaches the crossing in question, at the time plaintiff's intestate was killed, does not of itself amount to wanton or wilful misconduct.

"2. The Court instructs you that merely operating a train at a high rate of speed, at the place in question, does not of itself amount to wanton or wilful misconduct."

It may well be that to run a train at a high rate of speed or to fail to ring a bell or sound a whistle would not separately or collectively constitute wilful negligence but together with other elements they might do so, and it is misleading and improper to separate each element that together constitute a cause of action, but that singly would not, and instruct a jury that each of those separate elements do not do so.

Instruction No. 3 given for defendant in error is not subject to the criticism made concerning it.

The judgment of the Circuit Court is affirmed.

*Judgment affirmed.*