Irwin Ames, Appellee, v. Armour & Company, Appellant.

Gen. No. 33,514.

450

Opinion filed May 14, 1930.   Rehearing denied June 2, 1930.

CHAS. J. FAULKNER, JR., WALTER C. KIRK and GEORGE R. HERR, for appellant.

ROYAL W. IRWIN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

This case is here for the second time, and is reported with an extended statement of facts culled from the evidence of the former trial, in 246 Ill. App. 118. We will not re-recite any of the facts appearing in that opinion, but adopt the same by reference as a part of this opinion. In other words, the opinion case *supra* should be read in connection with what is said in this opinion.

The cause went to trial in the first case on a declaration of two counts, charging general negligence. The pleadings upon the second trial were the same as those in the first, with this exception, that the plaintiff filed two additional counts charging that defendant recklessly and wantonly ran, managed, operated and propelled a certain motor vehicle, which forcibly and violently ran into and struck against plaintiff and one of the cars of the Chicago, Milwaukee & St. Paul Railway Company, upon which plaintiff was working, causing the injuries complained of. The second additional count likewise charged the conduct of defendant as reckless and wanton, which conduct was in effect the proximate cause of the accident.

At the close of plaintiff's proofs, defendant moved for a directed verdict, which was sustained only as to the original negligence counts, and denied as to the two additional counts, under which two additional counts the trial proceeded to its termination.

The plaintiff was an employee of the Chicago, Milwaukee & St. Paul Railway Company at the date of the accident, November 19, 1924, as a switch foreman, and Frank W. Cooper was in the employ of the defendant, driving a motor truck of defendant, which came into collision with a car forming part of a freight train of plaintiff's employer. Plaintiff in this suit, as this court held, as hereinafter stated, on the former appeal, was at the time of the accident engaged in interstate commerce. In the condition of the present record before us, this is a closed question by which the parties

and this court are alike bound. Such finding of fact is to the present time the law of the case.

In defendant's brief it says:

"After the reversal of the first judgment in this court, two additional counts were filed apparently based upon wilful and wanton negligence. At the close of the plaintiff's testimony defendant moved for a directed verdict, which was sustained without objection as to the original counts, and the cause went to the jury only on the two additional counts. Because of this fact, we will refer only to such additional counts." By this acquiesced in action of the court the original counts are out of the present case and the cause of action is now restricted to the two additional counts, in effect charging defendant with wilful and wanton conduct to which the accident in question is to be attributed.

The solution of the facts from the evidence was the province of the jury and if there is evidence in the record, which if undisputed, would be sufficient to sustain the verdict, we would hardly be warranted in disturbing such verdict, unless we were able to say from all the evidence that such verdict was contrary to its probative force. This we cannot do in the instant case. The evidence of the plaintiff and the driver of defendant's colliding truck is in sharp conflict, making it the burden of the jury to find which evidence was most worthy of belief, and to give credence accordingly. If they believed the evidence of plaintiff and his witnesses in preference to that of defendant's witnesses, they had that right and their verdict being the logical sequence of such condition of mind of the jurors should be sustained if it meets with our approval, which it does.

The evidence of the truck driver of defendant may have impressed the jury as being somewhat unreliable and unconvincing. The minds of reasonable men may have reached such a conclusion.

The accident to plaintiff happened while he was engaged upon a freight train composed of 19 cars when a truck of defendant being operated by its chauffeur collided with such freight train while traveling in a southerly direction on Kingsbury Street at the intersection of Rees Street, Chicago. The train was moving slowly at a rate of speed not exceeding four miles an hour. There was no obstruction between the train and the track to obscure the view of the chauffeur of defendant if he had proceeded with due care and circumspection. The engine was at the north end of the train pushing the freight cars in a southerly direction. South of Rees Street and beside the railroad tracks was a gas filling station at which on the occasion in question defendant's truck stopped. The driver of defendant's truck was familiar with that environment and had been so for more than six months prior to the date of the accident crossing the tracks as often as twice daily, had knowledge of switching operations at that point and knew that engines and cars were liable to pass at any moment. When the truck driver was at the filling station he looked north for approaching cars as he had to cross over at that point. He then proceeded to back his truck north to Rees Street facing his truck to the east and stopping about 40 feet west of the tracks. As the train moved south plaintiff and his helper were standing on the southernmost car, saw the movements of the truck and realized that if the truck started ahead a collision might result. Thereupon they gave a signal to the engineer to stop, but the train failed to stop as quickly as it might. Plaintiff and his helper then shouted loudly, waving vigorously to the driver of the truck. Another man standing on the street joined in the shouting. The driver apparently heard the man on the street as he looked at him but he did not heed their warnings.

Plaintiff, when the train did not stop, feared that defendant's chauffeur might be injured or killed, and stood on the ladder at the north end of the car so that he might be in a position to reach the air cock in case the truck started. If the chauffeur had looked toward the car he could not have failed to see the plaintiff at the side of the car, notwithstanding he at one time testified that he did not see the cars until they were 6 feet away, and at another time he said he saw the string of cars to the north, but that he thought they were standing still. Still another time he stated that he neither looked to the north nor to the south as he proceeded across the track. After the cars started over the crossing the truck started forward striking the leading car and crushing the plaintiff. From any interpretation of the foregoing facts the jury might readily conclude that defendant by its chauffeur was guilty of the wilful and wanton conduct charged against it in the two counts of the declaration under which the cause proceeded to the jury.

In *Heidenreich v. Bremner,* 260 Ill. 439, it was held that:

"Whether a personal injury has been inflicted by gross or wanton negligence is a question of fact to be determined by the jury. *Illinois Central Railroad Co. v. Leiner,* 202 Ill. 624; *Chicago, B. & Q. R. Co. v. Murowski,* 179 Ill. 77. It is not always easy to state what degree of negligence the law considers equivalent to wanton or gross negligence. The character of an act as being wanton or gross is greatly dependent upon the circumstances of each case. To constitute wilful and wanton negligence it is not always necessary to prove that the defendant was actuated by ill-will toward the plaintiff. An entire absence of care for the life, person or property of others, if such as exhibits indifference to consequences, makes a case of constructive or legal wilfulness, such as charges a person whose

duty it was to exercise care with the consequences of the legal injury.''

We think this case peculiarly in point with the instant case when construed with the facts therein recited.

On the former appeal this court decided on the record then before it that plaintiff was guilty of contributory negligence and also found that ''Inasmuch as it becomes necessary that the case be retried, we have examined the evidence on the question of whether or not the plaintiff at the time of the accident was engaged in interstate or intrastate commerce. In our judgment, the evidence sufficiently shows that at the time in question plaintiff was engaged in interstate commerce.'' The evidence in the record on that point is to the same purport and effect, and is consequently the law of the case and binding upon the parties, as well as this court, and therefore we hold to the same effect, that plaintiff at the time of the accident was engaged in interstate commerce.

The interjection of the two additional counts puts a different phase upon the whole case, as in the original counts no wilful or wanton conduct was charged. In the condition of the pleadings and the proofs, in which the conduct of defendant is charged to have been reckless and wanton, and where the jury finds that defendant was guilty of such reckless and wanton conduct, contributory negligence under these circumstances is not available as a defense in bar.

Two other questions remain to be disposed of, which are contended by defendant to be reversible error, viz., that the damages are excessive and that defendant was not guilty of wilful and wanton conduct, which was the proximate cause of the accident and damage to plaintiff. In both trials the jury found defendant guilty; the first jury assessed plaintiff's damages at $6,000 and in the case at bar damages were assessed at $9,000. It was the province of the jury to determine

the damages which plaintiff suffered as the result of the reckless and wanton conduct of defendant. The undisputed evidence is to the effect that plaintiff as the result of the accident practically lost the use of his right leg.

The driver of the offending truck was an experienced driver and immediately after the accident, the evidence showed, he said, ''I seen these cars coming down but I thought you fellows was standing still,'' a statement *de hors* the statement of facts, and it was wilful and wanton conduct for him to proceed upon the theory that the cars were at a standstill. Furthermore, the driver proceeded in a reckless and wanton manner. It is in evidence, which the jury believed, that every effort was made to attract the attention of the driver in order to have him act so that the accident could not have happened. He drove recklessly on to Rees Street with nothing to obstruct his view, at which time plaintiff and others were shouting and warning him. He acted as if he was oblivious of the whole situation, and his conduct in managing the truck, which caused the injury to the plaintiff was wilful and wanton, which the jury had the right to find from the evidence before them. He ignored all the warnings which were vociferously given, and knowing as he did, that a train or engine might pass over the tracks at any time, he put on the power and drove the truck without concern for the safety of plaintiff and others. In the situation in which he found himself, it was his duty in approaching the crossing to exercise due care for his own safety as well as that of others who might be crossing over Rees Street. The evidence abundantly justified the finding that defendant was guilty of wilful and wanton conduct, which was the proximate cause of the accident to plaintiff. The driver admitted that he heard shouts and warnings when he was 200 feet south of Rees Street, but in spite of these warnings he proceeded recklessly across. Such conduct was

wilful and wanton. Even a trespasser is protected against wilful and wanton conduct. *Ingram v. Jackson*, 206 Ill. App. 466.

Defendant seeks to avoid liability upon the theory that the charge in the additional counts of reckless and wanton conduct was not a charge of wilful and wanton conduct. We think this is the refinement of distinction, and that the charge of reckless and wanton conduct was tantamount to a charge of wilful and wanton conduct.

Defendant further argues for reversal that it was error for the court to refuse to give instruction number seven which is as follows:

"The jury is instructed that the mere failure of defendant's truck driver to look for approaching cars before proceeding across the tracks does not constitute wilful and wanton negligence."

This was a peremptory instruction, bad upon its face. It would have been reversible error for the court to have given it. The court's refusal to instruct a verdict in favor of defendant was without error.

We find no procedural errors in this record warranting a reversal of the judgment of the superior court, and its judgment is therefore affirmed.

*Affirmed.*

WILSON, P. J., and RYNER, J., concur.